IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN CLAIBORNE,

      Petitioner,                  No. CIV S-08-1626 JAM EFB P

     vs.

D. K. SISTO, et al.,

      Respondents.            FINDINGS AND RECOMMENDATIONS

                           /

      Petitioner is a state prisoner proceeding *in propria persona* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the decision of the California Board of Parole Hearings (hereinafter "Board") to deny him parole for three years at a parole consideration hearing held on May 30, 2007. He claims that: (1) the 2007 psychological report relied on by the Board to find him unsuitable for parole was invalid because its diagnoses are based on factually inaccurate information and a misapplied criterion; (2) the Board's 2007 decision violated his right to procedural due process because the Board failed to provide him with a reasonable amount of time to review and correct the factual inaccuracies in the 2007 psychological evaluation; (3) the Board's 2007 decision violated his right to due process because it was arbitrary and was not based on reliable evidence that he currently poses a danger to society; and (4) the factors relied on by the Board to deny him parole in 2007 are "void and

unconstitutional."

As discussed below, the United States Supreme Court has held that the only inquiry on federal habeas review of a denial of parole is whether the petitioner has received "fair procedures" for vindication of the liberty interest in parole given by the state. *Swarthout v. Cooke*, 562 U.S. ___ (2011), No. 10-333, 2011 WL 197627, at *2 (Jan. 24, 2011). In the context of a California parole suitability hearing, a petitioner receives adequate process when he/she is allowed an opportunity to be heard and a statement of the reasons why parole was denied. *Id.* at **2-3 (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"); *see also Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1, 16 (1979). For the reasons that follow, the petition for writ of habeas corpus must be denied pursuant to *Swarthout*.

**I. Procedural Background**

Petitioner is confined pursuant to a 1995 judgment of conviction entered against him in the Solano County Superior Court following his conviction on charges of second degree murder and burglary. Pet. at 1.[1] Pursuant to that conviction, petitioner was sentenced to fifteen years to life in state prison. *Id.*

The parole consideration hearing that is placed at issue by the instant petition was held on May 30, 2007. *Id.* at 57. At the time of that hearing, petitioner had served approximately eleven and one half years in prison. *Id.* at 59. Petitioner's minimum eligible parole date was December 17, 2005. *Id.* At his 2007 hearing, the Board panel found petitioner not suitable for parole and denied parole for three years. Dckt. 1-1 at 134.

On Nov. 6, 2007, petitioner filed a petition for writ of habeas corpus in the Solano County Superior Court challenging the Board's 2007 decision. Answer, Ex. 1. The Superior

---

[1] Page number citations such as these are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

Court denied that petition in a reasoned decision on the merits of petitioner's claims. Answer, Ex. 2.

Petitioner subsequently challenged the Board's 2007 decision in a petition for writ of habeas corpus filed in the California Court of Appeal and a petition for review filed in the California Supreme Court. Answer, Exs. 3, 5. Those petitions were summarily denied. Answer, Exs. 4, 6.

**II.  Petitioner's Claims**

Petitioner raises four grounds for relief. First, he claims that the 2007 psychological report relied on by the Board to find him unsuitable for parole was invalid because its diagnoses are based on factually inaccurate information and a misapplied criterion. Specifically, he argues that the psychological report drew inaccurate conclusions about his current danger to society because the psychiatrist who prepared the report misunderstood the verdict against petitioner, erroneously stated that petitioner had problems with substance abuse, and misunderstood that petitioner's anti-social behavior did not begin until he was sixteen years old. Pet. at 9-12.

Next, petitioner claims that the Board's 2007 decision violated his right to procedural due process because the Board failed to provide him with a reasonable amount of time to review and correct the factual inaccuracies in the 2007 psychological evaluation. Petitioner informs the court that he requested a postponement of the 2007 hearing on the grounds that he did not receive the psychological report before the hearing and therefore needed additional time to address the "numerous factual inaccuracies" in the report. *Id.* at 12. He explains that the Board denied the request for a postponement. *Id.* at 13. However, he concedes that the hearing panel "extensively covered the 2007 psychological evaluation" and that "Petitioner and his attorney questioned the diagnoses made in the evaluation." *Id.* at 14.

Next, petitioner claims that the Board's 2007 decision violated his right to due process because it was arbitrary and was not based on reliable evidence that he currently posed a danger to society. *Id.* at 15-16.

3

Finally, petitioner claims that the factors relied on by the Board to deny him parole in 2007 are "void and unconstitutional." *Id.* at 5.

**III.  Analysis**

The due process clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the due process clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the due process clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted). *See also Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987).  The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. *Jago v. Van Curen*, 454 U.S. 14, 17-21 (1981); *Greenholtz*, 442 U.S. at 7 (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *see also Hayward v. Marshall*, 603 F.3d 546, 561 (9th Cir. 2010) (en banc).  However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." *Greenholtz*, 442 U.S. at 12).  *See also Allen*, 482 U.S. at 376-78;

California's parole scheme[2] gives rise to a liberty interest in parole protected by the federal due process clause. *Swarthout v. Cooke*, 562 U.S. ___ (2011), No. 10-333, 2011 WL

---

[2] In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. *In re Lawrence*, 44 Cal.4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal.4th 616, 651-53 (2002).

4

197627, at *2 (Jan. 24, 2011) (per curiam).  However, the United States Supreme Court has held that correct application of California's "some evidence" standard is not required by the federal due process clause.  *Swarthout*, 2011 WL 197627, at *2.  Rather, this court's review is limited to the narrow question of whether the petitioner has received adequate process for seeking parole. *Id.* at *3 ("Because the only federal right at issue is procedural, the relevant inquiry is what process [petitioner] received, not whether the state court decided the case correctly.").  Adequate process is provided when the inmate is allowed a meaningful opportunity to be heard and a statement of the reasons why parole was denied.  *Id.* at **2-3 (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"); *see also Greenholtz*, 442 U.S. at 16.

**A.  Due Process Claim**

Petitioner's first three grounds for relief constitute a claim that the Board's 2007 decision finding him unsuitable for parole violated his right to due process because it was not based on "some evidence" he was currently dangerous.  This would include petitioner's claims that the Board's decision was erroneously based on a flawed psychological report.  However, petitioner was given the opportunity to be heard at his 2007 parole suitability hearing and received a statement of the reasons why parole was denied.  Although petitioner states that he did not receive the 2007 psychological report until the hearing began, petitioner concedes he was allowed to discuss and contest the report at the hearing.[3]  This is all that due process requires. *Swarthout*, 2011 WL 197627, at **2-3.  As set forth above, federal due process does not require that the evidence before the Board, including the psychiatric report, support the Board's suitability decision.  Accordingly, petitioner is not entitled to relief on his first three claims.

---

[3] The record reflects that the psychological report was received by petitioner's counsel six days prior to the hearing, but petitioner did not have a chance to see it until the date of the hearing.  Pet. at 73.

5

### B. Suitability Standards

In his last ground for relief, petitioner claims that "the Board of Parole hearings' unsuitability factors are void and unconstitutional." Pet. at 5. Petitioner does not elaborate on this claim in the argument attached to the written form petition. This claim is unduly vague and conclusory and should be denied on that basis. *See Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) ("'[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief'") (quoting *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994)).

### VI. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's request for an evidentiary hearing[4] and his application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); *Hayward v.*

---

[4] Petitioner requests an evidentiary hearing on his claims. Pet. at 19. To obtain an evidentiary hearing, a petitioner is "required to allege specific facts which, if true, would entitle him to relief." *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998) (internal quotation marks and citation omitted). The court concludes that no additional factual supplementation is necessary in this case and that an evidentiary hearing is not appropriate with respect to the claims raised in the instant petition. The facts alleged in support of these claims, even if established at a hearing, would not entitle petitioner to federal habeas relief. Therefore, petitioner's request for an evidentiary hearing should be denied.

6

1 *Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board).

DATED: February 8, 2011.

          EDMUND F. BRENNAN
          UNITED STATES MAGISTRATE JUDGE